YARRUT, Judge.
Plaintiff-Appellant filed suit against the State of Louisiana, through the Board of Commissioners of the Port of New Orleans, referred to hereinafter as the “Dock Board”, for injuries allegedly sustained during the course of his employment by Delta Steamship Lines, Inc., referred to hereinafter as “Delta”, as a cargo checker on the Poydras Street Wharf in New Orleans on October 21, 1964, which suit was authorized by House Concurrent Resolution No. 47, of the Louisiana Legislature of 1965 (House Bill No. 154).
Plaintiff claims that, while walking in the roadway inside the shed on the Poydras Street Wharf, he tripped over a raised portion of a steel expansion plate embedded in the floor, which plate he alleged was protruding upward about two to three inches for a distance of eight to ten inches, near the center of the roadway.
Delta intervened in the suit to recover workmen’s compensation and medicals of $8,202.79 paid to, or on behalf of, Plaintiff.
The Dock Board filed a reconventional demand against Delta, claiming that if it were liable to Plaintiff then Delta, in turn, was liable to it under the provisions of the First Call on Berth Privilege and/or Preferential Assignment of Sheddage Space issued by it to Delta.
The District Judge rendered judgment as follows: (1) In favor of Defendant; State of Louisiana, through the Board of Commissioners of the Port of New Orleans, and against Plaintiff, dismissing Plaintiff’s suit, at his cost; (2) dismissed the intervention of Delta Steamship Lines, Inc., at its costs; and (3) in favor of Delta Steamship Lines, Inc., as Defendant in re-convention, and against Plaintiff in recon-vention, State of Louisiana, through the Board of Commissioners of the Port of New Orleans, dismissing the reconventional demand, at its cost.
Plaintiff claims that during the daylight hours of October 21, 1964, while walking down an aisle in that portion of the Poy-dras Street Wharf assigned to' Delta, he tripped over a steel expansion plate imbedded in the concrete floor of the wharf, which he asserted had been damaged to the extent that a portion thereof protruded above the floor of the wharf. He claims that the wharf area was dark and dirty, and that he could not see the protusion to avoid tripping over it. Plaintiff contends that, in tripping over this object, he aggravated a pre-existing condition of osteochondriasis dissecans in his knee, necessitating surgery and subsequent rehabilitation, all causing pain and suffering, loss of income, partial permanent disability and medical expenses.
Plaintiff further charges that the damaged expansion plate, considered with other conditions of the wharf, constituted a hazardous condition which had existed for at least two weeks prior to the accident, and that the Dock Board, as owner of the wharf, either knew about it or was charged with knowledge of it, so as to render it liable to Plaintiff.
The District Judge clearly stated the issues, the facts and his conclusions, with which we agree after a careful study of the record, and we adopt verbatim his reasons as our own, viz:
“After carefully considering the law and evidence in this case, the Court concludes that defendant, State of Louisiana, through the Board of Commissioners of the Port of New Orleans (hereinafter called ‘Dock Board’), is not liable unto plaintiff, Terrance Emmett Power. According to plaintiff and witnesses called by him, plaintiff tripped over a dislodged metal strip of expansion joint in Section 46 of the Poydras Street Wharf. Their testimony was to the effect that this *580 strip was about one and one-half to two inches high and about eight inches long. This alleged defect was never called to the attention of the Dock Board either before or after the accident. Several employees of the Dock Board whose responsibility it was to observe and correct any such condition and other employees who were required to pass over the area on an hourly schedule testified that they never observed the alleged defect. It should be stated at this point that the Court was not impressed with the testimony of the witnesses to the accident called by plaintiff. Even if we are to assume that the accident happened as alleged and the dislodged metal strip was of the size as testified to, the Court does not conclude that this constituted a hazardous condition for which the Dock Board should be held liable. The Court feels that actionable negligence cannot be imputed to the Dock Board for its failure to repair a defect of which it had no knowledge and in this connection due consideration must be given to the fact that the Board operates seven and one-half miles of wharves of the Port of New Orleans.
“Again, assuming that the accident occurred as alleged and that the defect was of such a hazardous nature as to make the Dock Board liable, the Court concludes that recovery would still be denied on the ground of contributory negligence on the part of the plaintiff. The Court finds that the plaintiff in traversing a wharf is bound to observe the degree of care warranted under such circumstances. Had he done so, the accident would not have occurred and his failure to exercise proper care constituted a proximate cause of the accident.”
Accordingly, the judgment of the District Court is affirmed; all costs in both Courts to be paid by Plaintiff.
Affirmed.